IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MELECIO ARREOLA-LOPEZ, ) | |
| ) | |
| Petitioner/Defendant, ) | |
| ) | CIVIL NO. 08-cv-845-DRH |
| vs. ) | |
| ) | CRIMINAL NO. 03-cr-30121-DRH |
| UNITED STATES of AMERICA , ) | |
| ) | |
| Respondent/Plaintiff. ) | |

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

This matter is before the Court for preliminary review of Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 2). *See* Rule 4(b) of the Rules Governing § 2255 Proceedings in the United States District Courts.

**Background.**

On June 8, 2006, Petitioner was charged with conspiracy to posses with intent to distribute cocaine in violation of 28 U.S.C. §§ 841(a)(1) and 846. *See United States v. Arreola-Lopez*, No. 3:06-cr-30077-MJR (S.D. Ill.). On January 19, 2007, Petitioner pleaded guilty as charged in the indictment. On April 20, 2007, the Honorable Michael J. Reagan, United States District Judge, imposed a sentence of 70 months incarceration, 5 years supervised release, a special assessment of $100.00 and a fine of $500.00 (Doc. 105). Petitioner did not appeal his conviction or sentence.

At the time Petitioner committed the above offense, he was on supervised release for illegally entering the United States in violation of 8 U.S.C. § 1325(a). *See United States v. Arreola-Lopez*,

1

No. 3:03-cr-30121-DRH (S.D. Ill.). Consequently, Petitioner was charged with violating the terms of his supervised release. Petitioner admitted the violations and, on May 4, 2007, this Court sentenced Petitioner to 12 months incarceration "to run consecutive to 3:06CR30077-01 MJR." Petitioner did not appeal this sentence.

**Petitioner's motion to vacate.**

Petitioner's § 2255 motion enumerated two grounds for relief. For ground one, Petitioner claimed that Judge Reagan intended to impose "a term of imprisonment of no more than five (5) years" with respect to his conviction in Case No. 3:06-cr-30077-MJR, not the 70 month term of imprisonment actually imposed. Judge Reagan dismissed this claim on November 26, 2008. *See Arreola-Lopez v. United States*, No. 3:07-cv-780-MJR (S.D. Ill.) (Judgment filed November 26, 2008).[1]

For ground two, Petitioner claimed that this Court "failed to consider its discretionary power" to make Petitioner's sentence in Case No. 3:03-cr-30121-DRH run concurrent to the sentence imposed by Judge Reagan in Case No. 3:06-cr-30077-MJR. Judge Reagan severed ground two from case No. 3:07-cv-780-MJR and directed the Clerk of Court to open ground two as a separate action for consideration by this Court.

**Discussion.**

Relief under § 2255 is "reserved for extraordinary situations." *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993); *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). A criminal defendant may attack the validity of his sentence under § 2255 only if

---

[1] Additionally, Judge Reagan dismissed Petitioner's challenge to the manner in which his sentence is being executed. *Arreola-Lopez v. United States*, No. 3:07-780-MJR (S.D. Ill.) (Judgment filed November 26, 2008).

2

the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255. However, a § 2255 motion "is neither a recapitulation of nor a substitute for a direct appeal." *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995). Therefore,

[a]n issue not raised on direct appeal is barred from collateral review absent a showing of both good cause for the failure to raise the claims on direct appeal and actual prejudice from the failure to raise those claims, or if a refusal to consider the issue would lead to a fundamental miscarriage of justice.

Petitioner has not asserted any grounds indicating that he has either good cause for failing to raise his claim on direct appeal or actual prejudice from the failure to raise those claims.

Alternatively, the Court did examine the facts of the case and the history of the Defendant to determine if a departure from the Guidelines was warranted, but found that no departure was justified. An application of the Guidelines, without departure, called for a consecutive sentence.

**Disposition.**

Ground two of the instant § 2255 action is **DISMISSED**, with prejudice. Because there are no remaining grounds for relief in the instant action, Petitioner's motion for relief pursuant § 2255 is **DENIED.**

**IT IS SO ORDERED.**

**DATED:** December 1, 2008

/s/   DavidRHerndon
**DISTRICT JUDGE**